MICHAEL D. GRANSTON
Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division

VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 868
Washington, DC 20530
Tel: (202) 305-0845
Fax: (202) 616-8470
E-mail: Vinita.b.andrapalliyal@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA; AND BLDS, LTD D/B/A BLDS, LLC;<br><br>Plaintiffs,<br><br>v.<br><br>MATT AMMON, ACTING SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, IN HIS OFFICIAL CAPACITY; AND U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Case No. 3:20-cv-07388-JSW<br><br><br><br><br><br><br><br>**DEFENDANTS' NOTICE OF MOTION; MOTION FOR A 60-DAY STAY OF CASE DEADLINES**<br><br>Date: March 12, 2021<br>Time: 9:00 AM<br>Place: Oakland, CA<br>Judge: Hon. Jeffrey White |

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS FOR 60 DAYS**

PLEASE TAKE NOTICE that on March 12, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants United States Department of Housing and Urban Development and

DEFENDANTS' MOTION FOR A STAY  CASE NO. 3:20-CV-07388-JSW

Matt Ammon,[1] in his official capacity as Acting Secretary of Housing and Urban Development ("HUD") hereby move the Court for a 60-day stay of proceedings in this action, for the reasons more fully set forth in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Defendants request a 60-day stay of proceedings while HUD reconsiders the rule that Plaintiffs challenge in this case. The effective date of the rule at issue has been stayed by another court and Defendants do not seek to lift that stay. Further, the President has issued a memorandum directing HUD to review this specific rule, and Defendants have begun their administrative review of the rule but require additional time to complete that process and determine next steps. As a result, this Court may not have to decide Plaintiffs' claims and Plaintiffs will not be prejudiced in the meantime. It therefore makes little sense to proceed with litigation at this time, and principles of judicial economy favor a stay.

### II.    BACKGROUND

In this lawsuit, Plaintiffs challenge Defendants' issuance of a final rule, *HUD's Implementation of the Fair Housing Act's Disparate Treatment Standard*, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("2020 Rule"), under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq* See Compl., ECF No. 1. Defendant's response to Plaintiffs' Complaint is currently due by February 16, 2021. Order, ECF No. 47.

On October 25, 2020, the United States District Court for the District of Massachusetts stayed the effective date of the 2020 Rule. *Mass. Fair Hous. Ctr. v. United States Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass. Oct. 25, 2020). On December 23, 2020, the Defendants filed a Notice of Appeal of that decision; however, on February 9, 2021, Defendants filed a motion to voluntarily dismiss their appeal and do not seek to lift the stay in the Massachusetts court during the pendency of that case.

On January 26, 2021, President Biden issued a Presidential Memorandum that instructed that

---

[1] In accordance with Federal Rule of Civil Procedure 25(d), Matt Ammon in his official capacity as Acting Secretary of Housing and Urban Development is hereby substituted for his predecessor.

DEFENDANTS' MOTION FOR A STAY  CASE NO. 3:20-CV-07388-JSW

HUD

> shall also, as soon as practicable, take all steps necessary to examine the effects of the September 24, 2020, rule entitled "HUD's Implementation of the Fair Housing Act's Disparate Impact Standard" (codified at part 100 of title 24, Code of Federal Regulations), including the effect that amending the February 15, 2013, rule entitled "Implementation of the Fair Housing Act's Discriminatory Effects Standard" has had on HUD's statutory duty to ensure compliance with the Fair Housing Act.  Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act (42 U.S.C. 3608(a)) including by preventing practices with an unjustified discriminatory effect.

Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies, 86 FR 7487 (published Jan. 29, 2021).  HUD is already actively considering its path forward in implementing the Presidential directive.

## III.   ARGUMENT

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (A district court "has discretionary power to stay proceedings in its own court."). Three factors guide the court's discretion. First, a court assesses how a stay will (or will not) promote judicial economy, "measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id.* at 1110. Second, a court considers the harm that may result if the stay is granted. *Id.* Third, a court weighs the possible hardship to the movant if the case is permitted to proceed. *Id.*

The interests of efficiency and judicial economy make it appropriate for this Court to enter a 60-day stay. HUD is actively reconsidering whether the challenged 2020 Rule furthers fair housing and prevents unjustified discriminatory housing effects, which goes to the heart of Plaintiffs' claims. *See* Compl. ¶¶ 1–16. Courts frequently grant stays pending resolution of proceedings that may "bear upon

DEFENDANTS' MOTION FOR A STAY  CASE NO. 3:20-CV-07388-JSW

the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). HUD requires sufficient time determine how to proceed on this important issue, especially where new leadership for the agency is still arriving, and so requests a sixty-day stay to engage in the administrative process to implement the Presidential directive. Defendants propose to update this Court on the expected timing of any further government action and any next steps in this case by filing a status report at the end of that sixty-day period.

Further, Plaintiffs will not be prejudiced by the proposed stay in this case. The Massachusetts District Court's stay of the 2020 Rule's effective date remains in effect and Defendants commit to not seeking to lift that stay during the pendency of any stay in this case.

Finally, Defendants would be harmed in the absence of the stay. HUD would have to litigate over the 2020 Rule while simultaneously reviewing its effects and potentially making changes to it, thereby expending unnecessary resources and hampering its ability to expeditiously carry out the Presidential directive. *See, e.g.*, *Fed. Trade Comm'n v. Lending Club Corp.*, No. 18-CV-02454-JSC, 2020 WL 4898136, at *3 (N.D. Cal. Aug. 20, 2020) (A stay was appropriate where continuing with litigation would "needlessly burden [the defendant] only to possibly have the entire enterprise mooted . . . .").

Counsel for Defendants conferred with counsel for Plaintiffs before filing this motion. Counsel for Plaintiffs oppose a 60-day stay but consent to a 30-day stay.[2]

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request a 60-day stay of the case deadlines.

---

[2] Because leadership at HUD is still arriving on board, Defendants require more than 30 days to determine the best way to proceed in implementing the Presidential directive and completing HUD's review of the 2020 Rule.

DEFENDANTS' MOTION FOR A STAY  CASE NO. 3:20-CV-07388-JSW

| | |
|---|---|
| Date: February 10, 2021 | Respectfully submitted,<br><br>MICHAEL D. GRANSTON<br>Deputy Assistant Attorney General<br><br>LESLEY FARBY<br>Assistant Branch Director<br>Civil Division<br><br>/s/ *Vinita B. Andrapalliyal*<br>VINITA B. ANDRAPALLIYAL<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 868<br>Washington, DC 20530<br>Tel: (202) 305-0845<br>Fax: (202) 616-8470<br>E-mail: Vinita.b.andrapalliyal@usdoj.gov<br><br>*Attorneys for Defendants* |